## AMERICAN TRI-ERGON CORPORATION et al. v. COE et al.

### No. 67179.

District Court of the United States for the District of Columbia.

Nov. 7, 1938.

Leslie C. Garnett and Samuel F. Beach, both of Washington, D. C., and Page S. Haselton, of New York City, for plaintiffs.

Robert F. Whitehead, of Washington, D. C., for Commissioner of Patents.

BAILEY, Justice.

The question before the court is whether this suit is barred because not brought within six months after the refusal of the Patent Office to grant a patent to the plaintiff.

On March 17, 1937 the Board of Appeals of the Patent Office affirmed the decision of the Examiner of Interferences awarding priority to the defendant Radtke over the claims of the plaintiff.

On April 10, 1937 the plaintiff filed with the Board of Appeals of the Patent Office a petition for a rehearing, and at the same time, a motion to suspend proceedings until after the determination of the petition for rehearing.

On May 27, 1937 the Board of Appeals stated—"We think sufficient showing has been made to warrant such rehearing and grant the petition more particularly in regard to the record in connection with Radtke's Exhibits 10, 10-A, 15 and related items".

The Board of Appeals took no express action on the motion to suspend proceedings, and on January 22, 1938 denied the petition.

The bill in this case was filed on May 13, 1938, more than six months after the first decision of the Board of Appeals but within six months after the decision denying the relief sought.

It is contended that the Patent Office's final refusal to allow the plaintiff's claim was on April 13, 1937, the date of the first decision of the Board of Appeals, and that neither the filing of the petition to rehear nor that of the motion to suspend proceedings, nor the granting of the petition to rehear operated to toll the bar of the statute. The cases cited in support of this contention, however, are merely to the effect that the filing of a petition to rehear, without the granting of a motion to suspend proceedings does not operate to suspend the running of the statute. But when a court grants a petition to rehear, no final decision has been made, and it is clear that this court would not entertain a bill to require the issuance of a patent when the tribunals of the Patent Office retained control and had reached no final conclusion.

I think that the granting of the petition to rehear necessarily operated as a stay of proceedings and rendered unnecessary any other action upon the motion to stay.

In my opinion this case was instituted within the statutory period.